# EXHIBIT 5

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Stuart Rice

Electronically FILED by Superior Court of California, County of Los Angeles on 03/29/2023 09:09 AM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| RUTH MARTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONNIT LABS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 23STCV06839<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT** |

## I.     INTRODUCTION

**Defendant sells a supplement known as "Alpha Brain" (the "Product") by falsely claiming that it will support "memory, focus, and cognitive processing speed." In reality, Defendant's claims have been proven false by overwhelming scientific evidence.**

## II.     JURISDICTION AND VENUE

1. This Court has jurisdiction over all causes of action asserted herein.

2. Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state." As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

3. Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians, such that the website "is the equivalent of a physical store in California." Since this case involves false representations made in part on Defendant's website, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

## III.     PARTIES

4. Plaintiff is an individual and a consumer advocate who is a resident of California.

5. Defendant is a Delaware company that develops, manufactures, promotes, markets, distributes and/or sells the Product to consumers nationwide. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants."

6. The true names and capacities of the Defendants sued herein as DOE Defendants are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff will amend the Complaint to reflect the true names of the DOE Defendants when such identities become known.

///

### IV. FACTS

7. Plaintiff is a consumer advocate with dual motivations for purchasing the Product. First, Plaintiff was genuinely interested in using the product as directed and obtaining the promised results, and Plaintiff's desire to obtain the advertised benefits of the Product was a substantial, meaningful factor in Plaintiff's decision to purchase the product. Second, Plaintiff is a "tester" who works to ensure that companies abide by the obligations imposed by California law. As someone who advances important public interests at the risk of vile personal attacks, Plaintiff should be "praised rather than vilified." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

8. The front and back labels of the Product are as follows:




9. The accompanying marketing materials of the Product found at www.onnit.com/alphabrain/ claim: "The ultimate way to get 'in the zone,' Alpha BRAIN supports memory, focus, and cognitive processing speed."

10. Defendant's efficacy claims are not simply unsubstantiated, they have been proven to false by the overwhelming weight of scientific evidence. Numerous scientific studies conclusively prove that the ingredients in the Product do not and cannot the promised benefits.

11. If and when the Court deems it necessary (and subject to any protective order that may be appropriate), Plaintiff will submit a non-exhaustive list of clinical studies demonstrating the falsity of Defendant's efficacy claims, along with a brief summary of the key findings of each study.

12. Plaintiff purchased the Product in substantial part based upon the above-referenced efficacy claims. Plaintiff used the Product as directed but did not experience any of the benefits promised by the Product.

13. The "Who, What, When, Where, and How of the misconduct" is as follows:

   a. **The "Who":** The party responsible for promulgating the false efficacy claims is Defendant Onnit Labs, Inc., of Austin, Texas.

   b. **The "What":** The claims on the label of Defendant's product and accompanying marketing materials that the product promotes supports "memory, focus, and cognitive processing speed."

   c. **The "When":** The false claims were made throughout the class period, and Plaintiff purchased the product within the past six months;

   d. **The "Where":** Plaintiff purchased the product at GNC in California.

   e. **The "How":** By making demonstrably false claims that its product provides memory benefits that it does not and cannot provide, Defendant has illegally collected millions of dollars from unsuspecting consumers.

## V.     CLASS ALLEGATIONS

14. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within the United States who purchased the Product for personal use during the Class Period.**

A. NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant and its authorized retailers.

B. COMMONALITY: Common questions of fact and law exist as to all class members, and predominate over any questions affecting only individual members of the Class. Such common

legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    i.    Whether Defendant violated the law;

    ii.    The amount of damages; and

    iii.    The proper injunctive relief.

C.    <u>TYPICALITY</u>: As a person who purchased the product for personal use and used it as directed, Plaintiff is asserting claims that are typical of the Class.

D.    <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

E.    <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violations of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.

15.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

16.    California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq., prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

17.    Defendant's false and misleading labeling and advertising was designed to, and did, induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

  i. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have; and

  ii. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

18. Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

19. By the filing of this action, Plaintiff hereby notifies Defendant of the particular alleged violations of Section 1770 and demands that Defendant correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770. Notwithstanding anything to the contrary herein, Plaintiff does not seek and will not seek damages under Section 1780 if an appropriate classwide remedy is given within 30 days after receipt of the notice. In accordance with Section 1770(d) and after 30 days, Plaintiff will amend this Complaint without leave of court to include a request for damages if no such remedy is provided.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant for:

 i. Appropriate class certification and management orders;

 ii. Actual, statutory and punitive damages;

 iii. An award of attorneys' fees and costs; and

 iv. All other relief at law or in equity as may be proper.

Dated:  March 29, 2023      PACIFIC TRIAL ATTORNEYS, APC

                By: _____
                Scott. J. Ferrell
                Attorneys for Plaintiff