UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KES                                    Date: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendant:

Not Present                                                         Not Present

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [21]**

     Before the court is Defendant Onnit Labs, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. 21 ("Motion" or "Mot.").) Plaintiff Ruth Martin ("Plaintiff") opposes the Motion, (Dkt. 25 ("Opposition" or "Opp.")), and Defendant has replied,[1] (Dkt. 26 ("Reply")). Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

---

[1] While the matter was submitted, Defendant filed a Notice of Supplemental Authority attaching this court's order granting in part and denying in part a motion to dismiss a complaint filed by Plaintiff in a separate case, *Martin v. Doctor's Best, Inc.*, No. 8:23-cv-00378-FWS-KES (C.D. Cal.) (Dkt. No. 19). While that decision is not binding on this case, *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011), the court has considered the case law relevant to this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KES                                          Date: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

## I.  Background[2]

Plaintiff seeks to bring a putative class action against Defendant based on Defendant's alleged violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA").  (Dkt. 17 ("FAC") ¶¶ 21-25.)  Defendant is a Delaware corporation that sells a supplement called "Alpha Brain" ("Supplement").  (*Id.*, Introduction.)

Plaintiff purchased the Supplement from a General Nutrition Company ("GNC") store within six months of initiating this action.  (*Id.* ¶ 12(c); *see* Dkt. 1-5 ¶ 13(c).)  Plaintiff purchased the product because she was "genuinely interested in using the product as directed and obtaining the promised results," and is a "'tester' who works to ensure that companies abide by the obligations imposed by California law."  (FAC ¶¶ 7, 10, 18.)  Plaintiff used the Supplement as directed but did not experience any of the benefits promised by the marketing materials.  (*Id.* ¶ 18.)

The Supplement's marketing materials claim it is "[t]he ultimate way to get 'in the zone'" in that it "supports memory, focus, and cognitive processing speed."  (*Id.* ¶¶ 9, 19(b).)  Plaintiff asserts these statements are false because numerous scientific studies, attached to the Complaint as exhibits, demonstrate that its ingredients—specifically L-alpha glycerophosphocholine and phosphatidylserine—cannot provide the promised benefits.  (*Id.* ¶¶ 10-17 & Exhs. 1-5.)  Per Plaintiff, Defendant's marketing of the Supplement violates the CLRA because Defendant represents the Supplement as having "characteristics, uses or benefits which [it does] not have," and is "of a particular standard, quality, or grade" that it is not.  (*Id.* ¶ 17.)

The Supplement's allegedly false and misleading labeling and related advertising induced Plaintiff to purchase and use the Supplement.  (*Id.*)  Defendant has profited from sales of the Supplement.  (*Id.* ¶ 18.)

---

[2] For purposes of the Motion, the court "accept[s] factual allegations in the [First Amended Complaint] as true and construe the pleadings in the light most favorable to [Plaintiff]." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KES            Date: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

## II.     Legal Standard

### A.     Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (stating that, in ruling on a Rule 12(b)(6) motion, the court may consider attached exhibits). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KES　　　　　　　　　　　　　　　　Date: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

(quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 556 (2007)). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KES                              Date: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

       **B.**      **Federal Rule of Civil Procedure 9(b)**

Under Federal Rule of Civil Procedure 9(b), allegations of "fraud or mistake must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Therefore, "the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (alteration in original) (citation and internal quotation marks omitted). Additionally, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (cleaned up). To meet the Rule 9(b) pleading standard, "[a]verments of fraud must be accompanied by the who, what, when, where, and how" of the alleged fraudulent activity, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotation marks omitted), and "set forth what is false or misleading about a statement, and why it is false," *id.* (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

**III.**     **Discussion**

       **A.**      **Judicial Notice**

As stated, courts generally may not consider material outside the pleadings in the context of a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also* Fed. R. Civ. P. 12(d) (converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court"). There are two exceptions to this general rule. First, the court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KES                                    Date: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

reasonably be questioned." Fed. R. Civ. P. 201(b). Courts cannot take judicial notice of facts subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Second, the "incorporation by reference" doctrine permits courts "to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citations omitted). Courts "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)," *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), but the inferences drawn from incorporated documents "should be approached with caution," *Khoja*, 899 F.3d at 1003.

Defendant requests that the court take judicial notice of (1) the Supplement's label ("Exhibit A" or "Exh. A"); (2) the complaint in *Gonzalez v. Onnit Labs, Inc.*, No. 23STCV05741 (Cal. Super. Ct. Mar. 15, 2023) ("Exhibit B" or "Exh. B"); and (3) the order of dismissal in *Gonzalez* dated Mar. 27, 2023 ("Exhibit C" or "Exh. C"). (Dkt. 21-1 ("RJN").) Plaintiff does not oppose Defendant's requests. (*See generally* Opp.)

Given the theory of Plaintiff's case relies on Defendant's representations on the Supplement's label, the extensive references to it in the FAC, and the lack of dispute over Exhibit A's authenticity, the court **GRANTS** Defendant's unopposed request for judicial notice of Exhibit A, a copy of the Supplement's label. *See Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 845 n.1 (N.D. Cal. 2018) (taking judicial notice of product packaging for the product plaintiff purchased in product labeling case); *Brower v. Campbell Soup Co.*, 243 F. Supp. 3d 1124, 1128 (S.D. Cal. 2017) (same). The court **DENIES AS MOOT** Defendant's request for judicial notice of Exhibits B and C, because, to the extent they include assertedly relevant statements of law, judicial notice "is generally not the appropriate means to establish the legal principles governing the case." *Toth v. Grand Truck R.R.*, 306 F.3d 335, 349 (6th Cir. 2002); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Judicial notice of legislative facts . . . is unnecessary.") (citations omitted); Fed. R.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:23-cv-03737-FWS-KES | Date: October 18, 2023 |
| Title: Ruth Martin v. Onnit Labs Inc. et al. | |

Evid. 201, adv. comm. note to 1972 amendments (in general, judicial notice is available only for "adjudicative facts," or "the facts of the particular case," as opposed to "legislative facts," or "those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body"). Otherwise, the existence of these state court filings as a factual matter is not relevant to the court's analysis. *See Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015) (denying request for judicial notice of irrelevant documents); *see also Lee*, 250 F.3d at 690 ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion.") (citation and internal quotation marks omitted).

    **B.**    **Motion to Dismiss**

As noted, Plaintiff brings a single CLRA claim based on Defendant's representation that the Supplement "supports memory, focus, and cognitive processing speed." (FAC ¶ 9.) Plaintiff alleges this representation is false because "[n]umerous scientific studies conclusively prove that the ingredients in the [Supplement]"—i.e., phosphatidylserine and L-alpha glycerophosphocholine—"do not and cannot [deliver] the promised benefits." (*Id.* ¶ 10.)

As a general matter, the CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any customer." Cal. Civ. Code § 1770(a). In relevant part, this prohibition includes "representing that goods have approval, ingredients, uses, or benefits 'which they do not have' or representing that good 'are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.'" *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1094 (9th Cir. 2017) (quoting Cal. Civ. Code §§ 1770(a)(5), (7)). Because Plaintiff's CLRA claim is grounded in fraud, the FAC's allegations must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) detailed above. *See Ibarra v. Pharmagenics LLC*, --- F. Supp. 3d ----, 2023 WL 3991646, at *5 (C.D. Cal. 2023) ("Claims under the CLRA that sound in fraud are subject to [Rule 9(b)'s] heightened pleading standard."); *Liou v. Organifi, LLC*, 491 F. Supp. 3d 740, 750 (S.D. Cal. 2020) ("[Rule 9(b)'s]

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KES       Date: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

heightened pleading requirements apply equally to any claims based on UCL, FAL and CLRA claims which ground in fraud.").

The CLRA does not authorize private plaintiffs "to demand substantiation for advertising claims." *Nat'l Council Against Health Fraud v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1344-45 (2003); *see also Kwan*, 854 F.3d at 1091 ("California law does not provide for a private cause of action to enforce the substantiation requirements of California's unfair competition and consumer protection laws."). Instead, "private litigants must allege actual falsity or misrepresentation . . . and may do so by citing to 'testing, scientific literature, or anecdotal evidence.'" *Liou*, 491 F. Supp. 3d at 750 (quoting *Kwan*, 854 F.3d at 1095-96) (citing *Alvarez v. NBTY, Inc.*, 2017 WL 6059159, at *8 (S.D. Cal. Dec. 6, 2017)). "[A]n advertising claim is false if it has 'actually been disproved,' that is, if the plaintiff can point to evidence that directly conflicts with the claim." *Id.* (quoting *Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218, at *3 (S.D. Cal. Nov. 1, 2012)). In the Rule 12(b)(6) context, this means a plaintiff must "allege specific facts pointing to actual falsehood of the statements." *Kwan*, 854 F.3d at 1096-97.

The parties dispute whether the scientific studies attached as exhibits to the FAC plausibly plead Defendant's challenged representation were false. The FAC cites to and attaches the following five studies:

(1) Nicholas Barringer et al., *Impact of a Purported Nootropic Supplementation on Measures of Mood, Stress, and Marksmanship Performance in U.S. Active Duty Soldiers*, 15 J. OF THE INT'L SOC'Y OF SPORTS NUTRITION 26 (2018), (FAC, Exh. 1 ("Study 1"));
(2) Yindee van Os et al., *Cognitive Interventions in Older Persons: Do They Change the Functioning of the Brain?*, 2015 BIOMED RSCH. INT'L, Oct. 2015, at 1, (*id.*, Exh. 2 ("Study 2"));
(3) Brendan J. Kelley et al., *Alternative Medicine and Alzheimer's Disease*, 14 NEUROLOGIST 299 (2008), (*id.*, Exh. 3 ("Study 3"));

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KES	Date: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

(4) Seyed K. Tayebati et al., *Choline and* Choline Alphoscerate *Do Not Modulate Inflammatory Processes in the Rat Brain*, 9 NUTRIENTS 1084 (2017), (*id.*, Exh. 4 ("Study 4")); and

(5) Casey J. Thomas et al., *The Effects of Energy Drink Consumption on Cognitive and Physical Performance in Elite* League of Legends *Players*, 7 SPORTS 196 (2019), (*id.*, Exh. 5 ("Study 5")).

(*See id.* ¶¶ 11-17, Exhs. 1-5.)

Defendant argues Plaintiff has not plausibly alleged Defendant's representation is false because most of these studies did not test the Supplement itself or other supplements with comparable chemical compositions, and none sufficiently relates to Defendant's claim that the Supplement "supports memory, focus, and cognitive processing speed." (Mot. 5-8; Reply at 1-7.) Plaintiff contends (1) the attached scientific studies support Plaintiff's position; and, alternatively, (2) whether the attached scientific studies support Plaintiff's proposition is a factual matter that should not be resolved on a motion to dismiss. (Opp. 8-18.)

The significance of Plaintiff's scientific studies "depends upon a comparison of the match between the representations at issue and the evidence that allegedly debunks them." *Ibarra*, 2023 WL 3991646, at *2 (quoting *Vigil v. Gen. Nutrition Corp.*, 2015 WL 8056178, at *6 (S.D. Cal. Dec. 4, 2015)) (internal quotation marks omitted); *see also Lytle v. Nutramax Laboratories, Inc.*, 2019 WL 8060070, at *5 (C.D. Cal. Sept. 26, 2019) ("[A] study's conclusion must directly address the misrepresentation it is cited to debunk.").

Based on the state of the record, the court finds Plaintiff has not plausibly alleged a violation of the CLRA based on Studies 2, 3, 4, and 5. These studies do not plausibly "debunk" Defendant's representation that the Supplement will support "memory, focus, and cognitive processing speed" for two principal reasons. First, they did not test the Supplement itself or comparable supplements with the same active ingredients in similar doses. (*See* FAC, Exhs. 2-5.) Therefore, the studies' findings do not plausibly support that FAC's assertion that the Supplement's ingredients cannot support "memory, focus, and cognitive processing speed" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KES                                              Date: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

that the advertising claim has "actually been disproved." *See Aloudi v. Intramedic Rsch. Grp.*, 729 F. App'x 514, 516-17 (9th Cir. 2017) (holding complaint failed to allege "a sufficiently plausible or specific claim of actual falsity" by citing to scientific study because "[n]one of these allegations involves scientific testing of the actual . . . product or a product with the same active ingredients . . . in a dose similar to that in [the product]").

Second, although Plaintiff argues that Studies 2, 3, 4, and 5 tested supplements that share *some* ingredients with the Supplement, (Opp. at 10-16), the studies' parameters did not analyze participants' "memory, focus, and cognitive processing speed." Instead, the studies tested whether supplements prevent or treat Alzheimer's disease, (*see* FAC, Exhs. 2-3), whether supplements modulated inflammatory processes in rat brains, (*id.*, Exh. 4), and whether energy drinks improved video game players' performance, (*id.*, Exh. 5). Studies concerning specific medical conditions do not contradict Defendant's representation about the Supplement that it generally supports "memory, focus, and cognitive processing speed". *See Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 139 (E.D.N.Y. 2015) ("[T]he results of studies on particular diseases or conditions do not lend facial plausibility to far more general health benefits."); *Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218, at *7 (S.D. Cal. Nov. 1, 2012) (finding plaintiff did not plausibly allege Defendant's representation that ingredient "is good for the body's joints" was false relying on a study showing the ingredient did not alleviate symptoms of osteoarthritis). Likewise, the study testing distinct energy drinks' effect on video gamers' performance does not "directly conflict" with Defendant's claim. *Liou*, 491 F. Supp. 3d at 750.

Study 1 comes closer to supporting Plaintiff's claim, but ultimately still falls short. That study tested an iteration of the Supplement's impact "on mood, stress, and rifle marksmanship accuracy and engagement time." (FAC, Exh. 1 at 2.) Although Study 1 appears to test the Supplement, it states that "vipocentine [sic]" is an active ingredient in Alpha Brain, (*id.*, Exh. 1 at 2), notwithstanding the fact that the Supplement's label as tested by Plaintiff contains no such ingredient, (*see id.* ¶ 8 & RJN, Exh. A). Study 1 does not detail the full list of ingredients in the supplement it tests, nor does it provide those ingredients' dosages. (*See generally* FAC, Exh. 1.) The only mention of dosing in Study 1 is that it followed "a dosing pattern (3 times daily)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KES                              Date: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

---

and daily amount (1972.5 [m]g),"[3] (*id.* at 4), yet the Supplement's label suggests users take no more than one serving amounting to 1310 milligrams of active ingredients, (RJN, Exh. A). Relatedly, Plaintiff alleges that she purchased the Supplement within the last six months, (FAC ¶ 19(c)), whereas Study 1 was published in 2018, (*id.*, Exh. 1).  It appears Defendant has changed the Supplement's formula since Study 1 was conducted given the mismatch between the Supplement's label and the formulation tested in the study.

Further, Study 1's finding that the Supplement did not improve the marksmanship of military personnel does not plausibly "directly conflict" with Defendant's claim.  *See Liou*, 491 F. Supp. 3d at 750.  The tested marksmanship performance of military personnel, measured by a 20-shot standard course of fire with targets presented at varying distances, (*id.*, Exh. 1 at 3), is a much more specific and technical variable than general "cognitive processing speed" and "focus," and bears little apparent relation to "memory."  *Cf. Kardovich*, 97 F. Supp. 3d at 139 ("[T]he results of studies on particular diseases or conditions do not lend facial plausibility to far more general health benefits.").  In short, Study 1's hyper-specific focus on marksmanship of military personnel does not point to "specific facts" establishing the "actual falsehood" of Defendant's general representations.  *Kwan*, 854 F.3d at 1096-97.

In conclusion, when considered alone and in tandem with the FAC's allegations, Study 1 does not provide enough information for the court to determine whether the supplement tested is substantially similar to the Supplement.

Separately, and in light of the fact the studies cited by the FAC do not support her claim, Plaintiff's allegations of her personal experience with the Supplement are insufficient to establish that Defendant's representation is false.  *See Tubbs v. AdvoCare Int'l, L.P.*, 785 F. App'x 396, 396 (9th Cir. 2019) ("Plaintiffs' anecdotal evidence, standing alone, is insufficient to create an inference of falsity.").  Additionally, Plaintiff's allegations lack sufficient detail.  Plaintiff alleges only that she "used the [Supplement] as directed but did not experience any of

---

[3] Study 1 appears to list this amount in grams ("g") as a typographical error on page 4; elsewhere, it is mentioned as a dosage in milligrams ("mg"), (*see id.* at 1, 5).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-03737-FWS-KESDate: October 18, 2023
Title: Ruth Martin v. Onnit Labs Inc. et al.

the benefits promised by the [Supplement]." (FAC ¶ 18.) The FAC inadequately identifies facts supporting this assertion, such as, for instance, how Plaintiff's baseline "memory, focus, or cognitive processing speed" was affected by the Supplement. *See Aloudi*, 729 F. App'x at 517 (holding that despite failing to lose weight while taking the defendant's supplement, the plaintiff "ha[d] not pleaded sufficient plausible and specific factual allegations to support his claim" and noting, "[f]or example, [the plaintiff's] complaint does not indicate his daily caloric consumption or metabolic activity before and while taking [the challenged supplement]").

In sum, where, as here, a plaintiff "point[s] to scientific studies that [she] allege[s] actually disprove a product's claims, such a stark disconnect between the scientific studies and the claims made about [the product's] benefits is fatal to the [c]omplaint." *Kardovich*, 97 F. Supp. 3d at 138. Plaintiff's reliance on Studies 1 through 5 are too "disconnected" from Defendant's claim about the Supplement to survive Defendant's 12(b)(6) motion, and the FAC otherwise does not include enough facts to plausibly allege that Defendant's representation about the Supplement is false. Therefore, the FAC fails to plausibly allege a CLRA claim. Accordingly, the court **GRANTS** the Motion and **DISMISSES** the FAC. However, the court **GRANTS** leave to amend the FAC. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (Courts are free to grant a party leave to amend whenever justice so requires, and requests for leave should be granted with extreme liberality.") (internal quotation marks omitted) (citing, *inter alia*, Fed. R. Civ. P. 15(a)(2)); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.") (emphasis and citation omitted).

**IV.Disposition**

For the reasons stated, the Motion is **GRANTED**. The court **DISMISSES** Plaintiff's First Amended Complaint **WITH LEAVE TO AMEND**. Plaintiff shall file a Second Amended Complaint, if any, within **thirty (30) days** of the date this Order was filed.

**IT IS SO ORDERED.**Initials of Deputy Clerk: mku